1                                                                   **O**

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11    BRENT JOSEPH RIZKALLAH,         )      CASE NO. ED CV 10-01745 RZ
                                              )

12                    Plaintiff,       )
                                              )      MEMORANDUM OPINION

13            vs.                     )      AND ORDER
                                              )

14    MICHAEL J. ASTRUE, Commissioner    )
     of Social Security,                     )

15                                               )
                   Defendant.      )

16    ──────────────────────────── )

17           Plaintiff Brent Joseph Rizkallah contends that the Social Security

18 Commissioner wrongly denied his claim for disability benefits.  Plaintiff argues that the

19 Administrative Law Judge ("ALJ") erred in rejecting the opinions of two treating

20 physicians and in discounting Plaintiff's and a third party witness's credibility.  The Court

21 agrees, as explained below.

22          Plaintiff first argues that the ALJ erred in rejecting the opinion of two treating

23 physicians, Drs. Sutjita and Larsen.  Dr. Sutjita opined, among other things, that Plaintiff

24 could sit for two hours or less; suffered from fatigue, memory loss, anxiety and reduced

25 cognitive function; experienced constant neuropathic pain; would require five unscheduled

26 breaks to rest during an average workday; and was "[s]eriously limited" from completing

27 a normal workday or performing routine repetitive work at a consistent pace.  (AR 289-90,

28 581-93, 644-50.)  Dr. Larsen opined, among other things, that Plaintiff was unable to work

1  and suffered from fatigue, neuropathy, and marked restrictions in performing activities of

2  daily living and "completing tasks in a timely manner due to deficiencies in

3  [c]oncentration, [p]ersistence, or [p]ace." (AR 493-98.)

4         An ALJ may discredit a treating physician's opinion by providing specific and

5  legitimate reasons for doing so. *Batson v. Commissioner*, 359 F.3d 1190, 1194-95 (9th Cir.

6  2004). Here, the ALJ provided no such reasons for rejecting Drs. Sutjita's and Larsen's

7  opinions. The ALJ stated he gave "limited weight" to Dr. Sutjita's opinions because "his

8  assessments are not consistent with or supported by the very detailed treatment records

9  from Riverside County Regional Medical Center." The ALJ also explained that he

10 discounted Dr. Sutjita's statement that Plaintiff "could not work 8 hours a day due to

11 cognitive function reduction" because the opinion was "not consistent with the 3

12 consultative psychiatrist evaluations and [Plaintiff's] appearance at the hearing." (AR

13 131.) These reasons fail to reach the level of specificity required for rejecting a treating

14 physician's opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say

15 that medical opinions are not supported by sufficient objective findings or are contrary to

16 the preponderant conclusions mandated by the objective findings does not achieve the level

17 of specificity our prior cases have required . . . . The ALJ must do more than offer his

18 conclusions. He must set forth his own interpretations and explain why they, rather than

19 the doctors', are correct."). The ALJ gave a similarly conclusory reason for rejecting

20 Dr. Larsen's opinion, finding that "the record shows that [Plaintiff] improved during the

21 referenced time and thus this report was incorrect." (AR 131.) *See McAllister v. Sullivan*,

22 888 F.2d 599, 602 (9th Cir. 1989) (finding that ALJ's rejection of physician's opinion on

23 the ground that it was contrary to clinical findings in the record was "broad and vague,

24 failing to specify why the ALJ felt the treating physician's opinion was flawed"). Remand

25 is warranted for the ALJ to properly evaluate the treating physicians' opinions.

26        Plaintiff also argues that the ALJ erred in assessing the statements of a lay

27 witness, David Madrid. Mr. Madrid completed a third party function report that stated,

28 among other things, that Plaintiff suffers from anxiety, forgetfulness, and poor

1  comprehension; does not finish what he starts; and takes several naps per day.  (AR 277-

2  84.)  An ALJ may discredit lay witness statements by providing "reasons that are germane

3  to each witness."  *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).  The ALJ's three

4  reasons for discounting Mr. Madrid's statements do not meet this standard.  First, the ALJ

5  observed that Mr. Madrid "is obviously concerned about [Plaintiff's] well-being."

6  Relatedly, the ALJ claimed that Mr. Madrid "has a financial interest in seeing that

7  [Plaintiff] receives disability benefits" because they "live[] in the same household."  (AR

8  14.)  Without pointing to any specific evidence that Mr. Madrid was biased, these reasons

9  do not qualify as germane to Mr. Madrid, because they would undermine the testimony of

10 any lay witness who lives with or cares about a claimant.  *See Smolen v. Chater*, 80 F.3d

11 1273, 1289 (9th Cir. 1996) (holding that ALJ's rejection of claimant's family members'

12 testimony because they were "'understandably advocates, and biased' . . . amounted to a

13 wholesale dismissal of the testimony of all the witnesses as a group and therefore does not

14 qualify as a reason germane to each individual who testified").  Finally, the ALJ noted that

15 Mr. Madrid "is not a medical professional or otherwise qualified to diagnose severe

16 impairments or to assess their effect on [Plaintiff's] ability to perform work-related

17 activities."  (AR 14.)  Lay witnesses, by definition, are not medical professionals, yet the

18 Commissioner recognizes they can provide valuable evidence.  "Disregard of this evidence

19 violates the Secretary's regulation that he will consider observations by non-medical

20 sources as to how an impairment affects a claimant's ability to work."  *Dodrill*, 12 F.3d at

21 919 (internal quotation marks and citation omitted).  The Court cannot find that the ALJ's

22 rejection of Mr. Madrid's statements was harmless, as the Commissioner urges.  Had the

23 ALJ accepted Mr. Madrid's statements, he would have found that Plaintiff had a more

24 restrictive residual functional capacity.

25         Plaintiff also claims that the ALJ wrongly discredited his credibility.  Because

26 of the other errors assessed here, it is not necessary to address potential errors in the

27 credibility evaluation.  On remand, however, the ALJ may wish to reconsider his

28 evaluation.

1    In accordance with the foregoing, the decision is reversed.  The matter is

2   remanded to the Commissioner, who shall proceed in a manner consistent with this

3   Memorandum Opinion.

4        IT IS SO ORDERED.

5

6        DATED:  January 10, 2012

7

8                                                    _____
                                                          RALPH ZAREFSKY
9                                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28